MICHAEL J. HEYMAN
United States Attorney

JOSHUA A. TRAINI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: Josh.Traini@usdoj.gov

Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

FABIOLA PILLE-VALERIO,

                    Petitioner,

          v.

BRANDON JONES, SUPERINTENDENT,
HILAND MOUNTAIN CORRECTIONAL
FACILITY;

LAURA HERMOSSILO, FIELD OFFICE
DIRECTOR, SEATTLE FIELD OFFICE,
UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT;

TODD LYONS, ACTING DIRECTOR, UNITED
STATES IMMIGRATIONS AND CUSTOMS
ENFORCEMENT;

MARK WAYNE MULLIN, SECRETARY OF
U.S. DEPARTMENT OF HOMELAND
SECURITY;

TODD BLANCHE, ACTING UNITED STATES
ATTORNEY GENERAL,

                    Respondents.

Case No. 3:26-cv-00194-SLG

## RESPONSE IN OPPOSITION TO MOTION FOR
## TEMPORARY RESTRAINING ORDER

Petitioner moved for a temporary restraining order ("TRO") requesting she not be transported out of the District of Alaska and requesting her release from custody. Dkt. 2. The Court granted the TRO prohibiting her transfer out of the District. Dkt. 4. The Government hereby files its opposition and requests the Court dissolve the TRO.

## I. INTRODUCTION

Petitioner, Fabiola Pille-Valerio, a Mexican citizen who is subject to a final removal order, has been lawfully detained by U.S. Immigration and Customs Enforcement ("ICE") in order to facilitate her removal to Mexico. Seeking to forestall her removal, Petitioner has sought a TRO barring such removal and requesting her immediate release from custody. The issue before this Court, at this stage, is whether Petitioner can be lawfully held pending the effectuation of her final order of removal. The TRO and injunction sought by Petitioner would inappropriately have this Court, on a time-compressed basis, grant her the ultimate relief that she seeks in her habeas petition without the requisite showing of facts that clearly favor her position. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("[I]t is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits").

Petitioner advances two claims in her petition, both of which fail upon even a cursory examination. First, she challenges the legality of her detention, but pursuant to statute and well-established Supreme Court precedent, an alien can be held for a presumptive term of six months while her removal is being effectuated. 8 U.S.C. §

*Pille-Valerio v. Jones et al.* Page 2 of 12
Case No. 3:26-cv-00194-SLG
Case 3:26-cv-00194-SLG    Document 11    Filed 05/13/26    Page 2 of 12

1231(a)(2); *Zadvydas v. Davis*, 533 U.S. 678 (2001). Her second claim is that she lacked due process during her removal process and the resulting final order of removal, but this also fails because this Court cannot entertain her collateral attack on the legality of her removal order. Even putting that aside, however, her claims are directly contrary to the documentary record. Petitioner cannot establish likely success on the merits or serious questions, and accordingly, this Court should dissolve the TRO.

## II. FACTUAL BACKGROUND

Petitioner is a native and citizen of Mexico. Ex. A (Record of Deportable/Inadmissible Alien). She reported paying a smuggler $1,500 to facilitate her illegal entry to the United States. *Id*. In 2003, she was ordered to supervised release. Ex. B (Order of Release on Recognizance). At the same time, Petitioner was provided a Notice to Appear for removal proceedings. Ex. C. The notice provided, in pertinent part:

> **Representation**: If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

*Id*. In addition, the Notice to Appear states that failure to appear may result in a removal order. *Id*. A box was checked, indicating Petitioner was provided "a list of organizations and attorneys which provide free legal services." *Id*. The Petitioner was provided oral notice in both English and Spanish. *Id*. The Notice to Appear also bears Petitioner's signature on the *Certificate of Service* box. A second notice was mailed to Petitioner,

*Pille-Valerio v. Jones et al.*                     Page 3 of 12
Case No. 3:26-cv-00194-SLG

providing her an updated hearing time and date. Ex. D.

Despite having received notice, Petitioner failed to appear and a final order of removal *in absentia* was entered. Ex. E. The order was entered over twenty-two years ago, on January 21, 2004. *Id*. Now, after being detained to effectuate her removal, Petitioner alleges, for the first time, a lack of due process in 2004. *See* Dkt 1.

### III. LEGAL STANDARD

The standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original) (internal quotations omitted); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). For mandatory preliminary relief to be granted, Petitioner "must establish that the law and facts *clearly favor* [her] position." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (emphasis in original). And "[w]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 674-75 (9th Cir. 1984) (citation omitted).

A plaintiff seeking a preliminary injunction must show that: (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in

the public interest. *Winter,* 555 U.S. at 20. (citations omitted). Alternatively, a plaintiff can show that there are "serious questions going to the merits and the balance of hardships tips sharply towards [plaintiff], as long as the second and third *Winter* factors are satisfied." *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (internal quotation omitted).

The purpose of preliminary injunctive relief is to preserve the status quo pending final judgment, rather than to obtain a preliminary adjudication on the merits. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A preliminary injunction can take two forms." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878 (9th Cir. 2009). "A prohibitory injunction prohibits a party from taking action and 'preserves the status quo pending a determination of the action on the merits.'" *Id.* (citation omitted). "A mandatory injunction orders a responsible party to take action." *Id.* at 879 (internal quotation and citation omitted). "A mandatory injunction goes well beyond simply maintaining the status quo pendente lite and is particularly disfavored." *Id*. (internal quotation and citation omitted). "In general, mandatory injunctions are not granted unless extreme or very serious damage will result and are not issued in doubtful cases." *Id.* (internal quotation omitted). Where a plaintiff seeks mandatory injunctive relief, "courts should be extremely cautious." *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1319 (9th Cir. 1994) (internal quotation and citation omitted). Thus, in a mandatory injunction request, the moving party "must establish that the law and facts *clearly favor* [her] position, not simply that [she] is likely to succeed." *Garcia,* 786 F.3d at 740 (emphasis original).

Here, in addition to asking the Court to preserve the status quo, Petitioner seeks mandatory injunctive relief in the form of an order requiring her immediate release.

## IV. ARGUMENT

Petitioner makes two primary arguments. First, she argues that her detention without a hearing violates the Due Process Clause of the Fifth Amendment. Dkt. 1 at 6-7. Second, Petitioner argues her final order of removal was issued in violation of her right to counsel and her due process rights. *Id*. As part of this argument, she alleges she was not provided notice of free legal services as required by 8 U.S.C. § 1229(a)(1)(E), she disputes whether she was given notice of the hearing itself, and argues any notice was insufficient because, at the time she was given notice, she did not speak or understand English well.

This Court, having previously granted a TRO, should dissolve the TRO as Petitioner cannot establish a likelihood of success on the merits or serious questions as to the merits of her claim. In short, Petitioner's claims do not withstand scrutiny. Despite her assertions to the contrary, she *was* given notice of her hearing before an immigration court. Ex. C. The notice clearly and unequivocally informs Petitioner she has a right to have counsel. *Id*. It further documents that Petitioner was provided oral notice in English and Spanish and bears her signature. *Id*. Because she is subject to a final order of removal, she is not entitled to release, and her brief detention to date does not even begin to reach the threshold prescribed in *Zadvydas*.

Given her claims cannot withstand scrutiny, Petitioner has failed to show a likelihood of success on the merits. In addition, the documentation undermining her claims is so clear, Petitioner has failed to show serious questions going to the merits. Accordingly,

*Pille-Valerio v. Jones et al.* Page 6 of 12
Case No. 3:26-cv-00194-SLG

the TRO should be dissolved.

**A. Petitioner does not satisfy the requirements for preliminary relief.**

**1. Petitioner is unlikely to succeed on the merits.**

Likelihood of success on the merits is a threshold issue: "[W]hen a plaintiff has failed to show the likelihood of success on the merits, [the court] need not consider the remaining three *Winters* elements." *Garcia*, 786 F.3d at 740 (internal quotation and citation omitted). To succeed on a habeas petition, Petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241.

**i. Petitioner was afforded due process.**

Contrary to her claims, the documentary evidence establishes she was provided notice of her right to counsel. Indeed, as discussed, *infra* at 3–4, the notice to appear explicitly informs her of her right to counsel. Moreover, on the certificate of service, a boxed is checked, which indicates that Petitioner was provided with a list of organizations and attorneys that provide free legal services. *Id*. The Notice was provided in both English and Spanish. *Id*. Finally, Petitioner herself acknowledged, through her signature, she was personally served the Notice to Appear. *Id*.

In any event, this Court lacks jurisdiction to entertain challenges to the validity of Petitioner's final order of removal.

The Ninth Circuit has previously held that the Court lacks jurisdiction over habeas challenges to the exercise of discretion to execute a removal order. *Rauda v. Jennings*, 55 F.4th 773, 778 (9th Cir. 2022). Moreover, the path for Article III review of removal orders is a "a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5).

*Pille-Valerio v. Jones et al.*                                                                 Page 7 of 12
Case No. 3:26-cv-00194-SLG
Case 3:26-cv-00194-SLG     Document 11     Filed 05/13/26     Page 7 of 12

And as the REAL ID Act further provides: "[j]udicial review of all questions of law and fact, including interpretation of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). Read in conjunction, 8 U.S.C. § 1252(b)(9) and § 1252(a)(5) express Congress's intent to funnel judicial review of every aspect of removal proceedings into a petition for review filed in the courts of appeals—not the district courts. *See Nasrallah v. Barr*, 590 U.S. 573, 580 (2020) (recognizing that these provisions "clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus, and may be reviewed only in the courts of appeals."); *Xiaoyuan Ma v. Holder*, 860 F.Supp.2d 1048, 1061 (N.D. Cal. May 16, 2012) (collecting cases and holding a petition that seeks to halt a final order of removal, regardless of how it is framed, strips the court of jurisdiction).

Petitioner wants to challenge the legality of her final order of removal, but according to well-established precedent, this Court lacks jurisdiction to entertain that challenge.

### ii. Petitioner is not entitled to release from detention considering her final order of removal.

An individual may seek habeas relief under 28 U.S.C. § 2241 if she is "in custody" under federal authority "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). But habeas relief is available to challenge *only the legality or duration of confinement. Pinson v. Carvajal*, 69 F.4th 1059, 1067 (9th Cir. 2023); *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979); *Dep't of Homeland Security v. Thraissigiam*, 591 U.S. 103, 117 (2020) (The writ of habeas corpus historically "provide[s]

a means of contesting the lawfulness of restraint and securing release."). Petitioner's "potential" actions that may provide her relief are, accordingly, irrelevant. *See* Dkt. 1 at 7.

After a final order of removal, an alien *must* be detained pursuant to 8 U.S.C. § 1231(a)(2). Since she has a final order of removal, Petitioner must be detained. Her brief detention, a matter of days, does not implicate the constitutional concerns raised in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Petitioner's claim that she cannot be detained under the Due Process Clause of the Fifth Amendment fails in light of binding Supreme Court precedent and a statute directly contrary to her argument—8 U.S.C. § 1231(a)(2). Likewise, her claims attempting to attack the merits of her final order of removal cannot be entertained by this Court as it lacks jurisdiction to do so. Nevertheless, upon examination, the claims run contrary to the documentary record. Accordingly, on both her arguments, Petitioner cannot show a likelihood of success.

### B. Petitioner has not shown irreparable harm.

Petitioner has not demonstrated that she will suffer irreparable injury absent the mandatory injunctive relief she seeks. To do so, she must demonstrate "immediate threatened injury." *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citing *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1201 (9th Cir.1980)). "The Ninth Circuit makes clear that a showing of immediate irreparable harm is essential for prevailing on a [preliminary injunction]." *Juarez v. Asher*, 556 F. Supp.3d 1181, 1191 (W.D. Wash. 2021) (citing *Caribbean Marine Co., Inc. v. Bladridge*, 844 F.2d 668, 674 (9th Cir. 1988)). Merely

*Pille-Valerio v. Jones et al.*                                                                 Page 9 of 12
Case No. 3:26-cv-00194-SLG
Case 3:26-cv-00194-SLG     Document 11     Filed 05/13/26     Page 9 of 12

showing a "possibility" of irreparable harm is insufficient. *See Winter,* 555 U.S. at 22. Moreover, mandatory injunctions are not granted unless extreme or very serious damage will result. *Marlyn Nutraceuticals, Inc.,* 571 F.3d at 879 (internal citation omitted). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter,* 555 U.S. at 22 (citation omitted).

The only immediate irreparable injury asserted in the Petition is the possibility of being detained in the Seattle/Tacoma area while pending removal. Petitioner appears to assert that her detention constitutes irreparable injury. But this irreparable harm argument "begs the constitutional questions presented in [her] petition by assuming that [P]etitioner has suffered a constitutional injury." *Cortez v. Nielsen,* 19-cv-754, 2019 WL 1508458, at *3 (N.D. Cal. Apr. 5, 2019). Moreover, additional time in immigration detention pending removal does not constitute immediate irreparable injury. *See Resendiz v. Holder,* 12-cv-4850, 2012 WL 5451162, at *5 (N.D. Cal. Nov. 7, 2012) ("loss of liberty" is "common to all [noncitizens] seeking review of their custody or bond determinations").

Petitioner has failed to make a clear showing she will be subjected to immediate, irreparable injury without the request injunctive relief.

**C. The balance of equities and public interests favors the Government.**

It is well settled that the public interest in enforcement of United States' immigration laws is significant. *See, e.g., United States v. Martinez-Fuerte,* 428 U.S. 543, 556-58 (1976); *Blackie's House of Beef, Inc. v. Castillo,* 659 F.2d 1211, 1221 (D.C. Cir. 1981)

*Pille-Valerio v. Jones et al.* Page 10 of 12
Case No. 3:26-cv-00194-SLG
Case 3:26-cv-00194-SLG    Document 11    Filed 05/13/26    Page 10 of 12

("The Supreme Court has recognized that the public interest in enforcement of the immigration laws is significant.") (citing cases); *see also Nken v. Holder*, 556 U.S. 418, 435 (2009) ("There is always a public interest in prompt execution of removal orders). This public interest outweighs Petitioner's private interest here. She was ordered removed from the United States over twenty-two years ago. Despite that, she has remained unlawfully and otherwise failed to adjust her status.

## CONCLUSION

Petitioner has failed to establish a likelihood of success on the merits of her claims or even serious questions going to the merits. This Court should dissolve the TRO.

RESPECTFULLY SUBMITTED this May 13, 2026, in Anchorage, Alaska.

MICHAEL J. HEYMAN
United States Attorney

/s/ Joshua A. Traini
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2026,
a true and correct copy of the foregoing
was served electronically on the following:

Daniel Poulson
Aadika Singh
Assistant Federal Defenders
FEDERAL PUBLIC DEFENDERS FOR THE DISTRICT OF ALASKA
188 W. Northern Lights Blvd. Suite 700
Anchorage, AK 99503
Email: daniel_poulson@fd.org
       aadika_singh@fd.org
*Attorneys for Petitioner*

Andalyn Pace
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Email: andalyn.pace@alaska.gov
*Attorney for Respondent Brandon Jones*

/s/ Joshua A. Traini
Office of the U.S. Attorney