# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

FABIOLA PILLE-VALERIO,

        Petitioner,

    v.

BRANDON JONES,
*Superintendent, Hiland Mountain Correctional Facility*, *et al.*,

        Respondents.

Case No. 3:26-cv-00194-SLG

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

Before the Court at Docket 1 is Petitioner Fabiola Pille-Valerio's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Also before the Court at Docket 23 is Petitioner's Supplemental Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On June 22, 2026, Petitioner filed a motion for an order to show cause,[1] which the Court granted on the same day.[2] On June 26, 2026, Federal Respondents filed a return on the order to show cause,[3] to which Petitioner replied on June 29, 2026.[4] A hearing on the petition was held on July 1, 2026.[5]

---

[1] Docket 24.

[2] Docket 27.

[3] Docket 28.

[4] Docket 30.

[5] Docket 33.

**BACKGROUND**

Petitioner Fabiola Pille-Valerio is a Mexican citizen who entered the United States in 2001.[6] On November 13, 2003, the U.S. Department of Justice Immigration and Naturalization Service ("INS"), now U.S. Department of Homeland Security ("DHS"), issued a Notice to Appear, initiating Petitioner's removal proceedings and charging Petitioner with removability under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") for being "an alien present in the United States without being admitted or paroled."[7] On the same day, Petitioner was also issued an Order of Release on Recognizance "in accordance with section 236 of the [INA]," codified at 8 U.S.C. § 1226.[8] The Order of Release required Petitioner to "report for any hearing or interview as directed" and "report in person . . . on the 10th Day of Each Month" to an On-Duty Deportation Officer.[9]

On January 2, 2004, Petitioner was issued a Notice of Hearing in Removal Proceedings on January 20, 2004.[10] Petitioner failed to appear for her hearing on

---

[6] Docket 11 at 3; Docket 11-1 at 1.

[7] Docket 11-3. The precise circumstances and timing of the events surrounding the issuance of the Notice to Appear and Petitioner's encounter with Special Agent Steven M. Rosen, as reflected in Form I-213, are at issue in Petitioner's reopened removal proceedings but are not relevant to the Court's resolution of her habeas petition. *See* Docket 23 at 12-13.

[8] Docket 11-2 at 1.

[9] Docket 11-2 at 1.

[10] Docket 11-4.

Case No. 3:26-cv-00194-SLG, *Pille-Valerio v. Jones, et al.*
Order on Petition for Writ of Habeas Corpus
Page 2 of 12

Case 3:26-cv-00194-SLG    Document 35    Filed 07/02/26    Page 2 of 12

that date.[11]  As a result, on January 20, 2004, an Immigration Judge ordered Petitioner removed *in absentia*.[12]

Over 22 years later, on May 11, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") officials and detained at the Hiland Mountain Correctional Facility in Alaska.[13]  On May 12, 2026, Petitioner initiated this habeas corpus proceeding and asserted that her detention violated federal law and her right to due process.[14]  That same day, Petitioner moved for a Temporary Restraining Order, asserting that Respondents planned to transfer her to a facility outside the District of Alaska within the next 24 hours.[15]  Later that day, the Court issued a Temporary Restraining Order enjoining Respondents from removing Petitioner from the District of Alaska and directing Petitioner to serve Respondents with the order immediately.[16]

On May 13, 2026, at approximately 5:38 a.m., Respondents transferred Petitioner out of the District of Alaska to the Northwest ICE Processing Center in Tacoma, Washington.[17]  At that time, Respondents "had not been served any

---

[11] Docket 11-5 at 1.

[12] Docket 11-5 at 1.

[13] Docket 23 at 2.

[14] Docket 1 at 7.

[15] Docket 2 at 2.

[16] Docket 4.

[17] Docket 8 at 3.

Case No. 3:26-cv-00194-SLG, *Pille-Valerio v. Jones, et al.*
Order on Petition for Writ of Habeas Corpus
Page 3 of 12
Case 3:26-cv-00194-SLG    Document 35    Filed 07/02/26    Page 3 of 12

Court order in this matter and was unaware any order had issued."[18]  At 9:57 a.m., Petitioner served Respondents with the Temporary Restraining Order.[19] Respondents filed a Notice of Prior Removal shortly thereafter.[20]  Later that same day, Federal Respondents filed their opposition to Petitioner's motion for a temporary restraining order and asked the Court to dissolve the TRO.[21]

On May 13, 2026, Petitioner moved to reopen her removal proceedings in immigration court, which, under 8 C.F.R. § 1003.23(b)(4)(ii), stayed Petitioner's order of removal "pending disposition of the motion by the immigration judge."[22]

On May 14, 2026, the Court held a hearing on Petitioner's request for preliminary injunctive relief.[23]  On May 19, 2026, the Court denied Petitioner's motion for preliminary injunctive relief as to Petitioner's request for transfer back to the District of Alaska, without prejudice to Petitioner seeking a bond hearing before an Immigration Judge.[24]  The Court also provided notice of its intent to dissolve the Temporary Restraining Order and provided the parties an opportunity

---

[18] Docket 8 at 3.

[19] Docket 8 at 3.

[20] Docket 10.

[21] Docket 11 at 2.

[22] Docket 13-1; *see also* Docket 15 at 2.

[23] Docket 14.

[24] Docket 17 at 8.

Case No. 3:26-cv-00194-SLG, *Pille-Valerio v. Jones, et al.*
Order on Petition for Writ of Habeas Corpus
Page 4 of 12

Case 3:26-cv-00194-SLG     Document 35     Filed 07/02/26     Page 4 of 12

for supplemental briefing on that issue.[25]  Petitioner and Federal Respondents filed supplemental briefs on May 26, 2026 and June 2, 2026, respectively.[26]

On June 9, 2026, an Immigration Judge granted Petitioner's motion to reopen her removal proceedings.[27]  The Immigration Court granted the motion to reopen on the grounds that discrepancies in the November 13, 2023, Form I-213 prepared by Special Agent Rosenberg rendered the existing record "not sufficiently reliable to support a finding of removability."[28]  The Immigration Judge, therefore, "rescind[ed] the 2004 in absentia order and reopen[ed] [the] matter to afford DHS an opportunity to properly establish removability."[29]

On June 22, 2026, Petitioner filed a Supplemental Petition for Writ of Habeas Corpus and a Motion for Order to Show Cause.[30] The Court granted the motion on the same day.[31]  On June 26, 2026, Federal Respondents filed a return on the order to show cause,[32] to which Petitioner replied on June 29, 2026.[33]  In her

---

[25] Docket 17 at 8-9.

[26] Docket 18; Docket 19.

[27] Docket 23 at 12.

[28] Docket 23 at 13.

[29] Docket 23 at 13.

[30] Docket 23; Docket 24.

[31] Docket 27.

[32] Docket 28.

[33] Docket 30.

Case No. 3:26-cv-00194-SLG, *Pille-Valerio v. Jones, et al.*
Order on Petition for Writ of Habeas Corpus
Page 5 of 12
Case 3:26-cv-00194-SLG     Document 35     Filed 07/02/26     Page 5 of 12

Supplemental Petition, Petitioner asserts that "her detention is governed by 8 U.S.C. § 1226(a), INA § 236, rather than 8 U.S.C. § 1225, INA § 235" and seeks an individualized bond hearing as habeas relief.[34]

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241(c)(3), a district court may grant a writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." A writ of habeas corpus is "available to every individual detained within the United States,"[35] and "the Fifth Amendment entitles aliens to due process of law in deportation proceedings."[36]

## DISCUSSION

Petitioner seeks habeas relief, asserting that she is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a). Federal Respondents oppose; they contend that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A) because she is an "applicant for admission" to the United States and is therefore subject to mandatory detention under that statute.

The Immigration and Nationality Act ("INA") provides the statutory framework for the detention and removal of certain inadmissible noncitizens. 8 U.S.C. § 1225(b)(2)(A) mandates detention during removal proceedings for

---

[34] Docket 23 at 1, 8.

[35] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).

[36] *Demore v. Kim*, 538 U.S. 510, 523 (2003).

Case No. 3:26-cv-00194-SLG, *Pille-Valerio v. Jones, et al.*
Order on Petition for Writ of Habeas Corpus
Page 6 of 12

applicants "seeking admission" and does not provide for a bond hearing. 8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal."[37] Under § 1226(a), an immigration officer makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding."[38] If the officer determines that detention of the noncitizen is warranted, then § 1226(a) provides for "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change."[39] Therefore, if a noncitizen is detained under § 1226(a), she is entitled to a bond hearing.[40]

Historically, DHS has "applied [section] 1226(a) and its discretionary release and review of detention to the vast majority of noncitizens allegedly in this country without valid documentation."[41] However, in July 2025, DHS issued a memorandum advancing a new interpretation of § 1225(b)(2) and stated that

---

[37] *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022).

[38] *Id.* (citing 8 C.F.R. § 236.1(c)(8)).

[39] *Id.* at 1202.

[40] *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

[41] *Salcedo Aceros v. Kaiser*, Case No. 25-cv-06924-EMC, 2025 WL 2637503, at *3 (N.D. Cal. Sep. 12, 2025).

Case No. 3:26-cv-00194-SLG, *Pille-Valerio v. Jones, et al.*
Order on Petition for Writ of Habeas Corpus
Page 7 of 12

Case 3:26-cv-00194-SLG    Document 35    Filed 07/02/26    Page 7 of 12

"applicants for admission encountering the Department of Homeland Security for the first time after failing to lawfully present for inspection at a U.S. port of entry are subject to mandatory detention under INA Section 235 [8 U.S.C. § 1225(b)]."[42] The Board of Immigration Appeals ("BIA") adopted DHS's new interpretation of § 1225(b) in a decision issued on September 5, 2025.[43] As a result of this new policy, Federal Respondents consider Petitioner to be an "applicant for admission" when they arrested her in May 2026, 22 years after she entered the United States, and hence subject to mandatory detention under § 1225(b)(2).[44]

Since then, several courts of appeals[45] and dozens of district courts across the country[46] have addressed DHS's new interpretation of § 1225(b)(2). This issue

---

[42] U.S. Customs & Border Prot., *Detention of Applicants for Admission* (July 15, 2025), https://www.cbp.gov/sites/default/files/2025-09/memo_-_detention_of_applicants_for_admission_-_final_eac_signed.pdf.

[43] *See Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

[44] *See* Docket 31 at 14-15.

[45] *See Barbosa da Cunha v. Freden*, 175 F.4th 62, 69 (2d Cir. 2026) ("Today, although we part ways with two other circuits that have addressed this question, we join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text."); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026) ("Because no Petitioner is alleged to be seeking admission or lawful entry into the United States, § 1225(b)(2)(A)'s mandatory detention scheme does not apply to them. And since '§ 1226 applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings,' Petitioners could have been detained pursuant to only § 1226."); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026) ("Simply put, the language that Congress has chosen to use does not grant to the Executive unfettered authority to detain, without the possibility of bond, every unadmitted alien present in the country. Nowhere in the text, structure, or history of the INA does that reading find steady footing."); *Santillan Quiroz v. Mullin*, Case No. 26-6019, 2026 WL 1876709, at *8 (10th Cir. June 30, 2026) ("Based on the statutory text and context, we conclude that § 1225(b)(2)(A)'s application is limited to the border.").

[46] *See, e.g.*, *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1304 (W.D. Wash. 2025) ("[T]he

Case No. 3:26-cv-00194-SLG, *Pille-Valerio v. Jones, et al.*
Order on Petition for Writ of Habeas Corpus
Page 8 of 12

is presently before the Ninth Circuit.[47]  This Court agrees with and joins the vast majority of courts nationwide and rejects Federal Respondents' interpretation of § 1225.  "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [petitioner], living in the interior of the country."[48]  By contrast, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice."[49]

Accordingly, the Court rejects Federal Respondents' contention that Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2). The Court finds that Petitioner's present detention in the reopened INA

---

government's [interpretation of § 1225] belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice."); *Belsai D.S. v. Bondi*, Case No. 25-cv-3682, 2025 WL 2802947, at *6 (D. Minn. Oct. 1, 2025) (joining the "chorus" of courts concluding that § 1226 applies); *Cardona-Lozano v Noem*, Case No. 1:25-CV-1784-RP, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the BIA's construction of the INA is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); *Morales-Flores v. Lyons*, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful.") (collecting cases).

[47] *See Rodriguez Vazquez v. Bostock, et al.*, Case No. 25-6842 (9th Cir. Oct. 29, 2025).

[48] *Salcedo Aceros*, 2025 WL 2637503, at *8 (collecting cases).

[49] *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025).

Case No. 3:26-cv-00194-SLG, *Pille-Valerio v. Jones, et al.*
Order on Petition for Writ of Habeas Corpus
Page 9 of 12

Case 3:26-cv-00194-SLG    Document 35    Filed 07/02/26    Page 9 of 12

§ 240 removal proceedings is governed by INA § 236(a), 8 U.S.C. § 1226(a), not INA § 235(b)(2)(A), 8 U.S.C. § 1225(b)(2)(A).

Further, "[f]ederal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention."[50] Therefore, the Court finds that Petitioner is entitled to the individualized bond hearing before a neutral Immigration Judge that she is seeking. The Court further finds that the bond hearing must be conducted in accordance with 8 C.F.R. §§ 236.1, 1236.1, and 1003.19.[51] A contemporaneous record of the bond hearing shall be made to facilitate any appeal.[52]

## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. The Petition for Writ of Habeas Corpus at Docket 1 and the Supplemental Petition for Writ of Habeas Corpus at Docket 23 are **GRANTED IN PART**.

2. Federal Respondents shall provide Petitioner a custody redetermination hearing under 8 U.S.C. § 1226(a) before an Immigration Judge with authority to consider release on bond or other appropriate conditions. The

---

[50] *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)).

[51] *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1203 (9th Cir. 2022).

[52] *See Singh v. Holder*, 638 F.3d 1196, 1209 (9th Cir. 2011); *see also Rodriguez Diaz*, 53 F.4th at 1202 ("[W]e have no occasion to decide whether *Singh* remains good law in any respect following *Jennings*.").

Case No. 3:26-cv-00194-SLG, *Pille-Valerio v. Jones, et al.*
Order on Petition for Writ of Habeas Corpus
Page 10 of 12
Case 3:26-cv-00194-SLG    Document 35    Filed 07/02/26    Page 10 of 12

hearing shall occur **within seven (7) calendar days** of this Order, unless Petitioner requests additional time.  The custody redetermination hearing shall be recorded, and Respondents shall preserve the recording of the hearing.

3.     At that hearing, Federal Respondents cannot rely on 8 U.S.C. § 1225(b)(2)(A), *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), or Petitioner's classification as an applicant for admission to argue that the Immigration Judge lacks authority to consider release.

4.     Petitioner shall be permitted to present evidence and argument concerning danger to the community, flight risk, ability to pay, and appropriate conditions of release.  Consistent with custody redetermination proceedings under 8 U.S.C. § 1226(a), Petitioner shall bear the burden to show, by a preponderance of the evidence, that she is not a danger to the community and does not present an unreasonable risk of flight.

5.     Federal Respondents shall file a notice of compliance within **two (2) business days** of Petitioner's custody redetermination hearing. The notice of compliance shall state the result of the hearing.

6.     In light of Petitioner's Supplemental Habeas Petition and her transfer out of the District of Alaska before Respondents received notice of the Temporary Restraining Order, the Temporary Restraining Order at Docket 4 is **DISSOLVED**.

Case No. 3:26-cv-00194-SLG, *Pille-Valerio v. Jones, et al.*
Order on Petition for Writ of Habeas Corpus
Page 11 of 12

7.    Federal Respondents' request to hold this matter in abeyance pending the issuance of an opinion in *Rodriguez Vazquez v. Bostock*, Case No. 25-6842 (9th Cir.) is **DENIED**.

DATED this 2nd day of July, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:26-cv-00194-SLG, *Pille-Valerio v. Jones, et al.*
Order on Petition for Writ of Habeas Corpus
Page 12 of 12
Case 3:26-cv-00194-SLG    Document 35    Filed 07/02/26    Page 12 of 12